## BULLOCK *v.* FOSTER.

In foreign attachment, where personal property of the principal defendant, subject to a lien of the trustee, is sold by a receiver, the trustee, under our statute, is not entitled to receive from the proceeds the amount of any debt due him from the principal defendant, other than that for which the lien existed.

THE trustee, George W. Deane, disclosed that, at the service of the plaintiff's writ upon him, he had in his possession one pair of two years' old steers, one two years' old heifer and one yearling, and thirteen lambs, which have been in his keeping since the spring of 1861 (except twelve of the lambs, which he sold for $1.75 a head in the summer, and retains the money), and a quantity of oats, which have been kept by him since the spring. These animals and oats were owned by the trustee and principal debtors, in equal shares. The trustee claims a lien on all this property for keeping the same. He also claims that the principal debtor is indebted to him in the sum of $65, for labor and services, and he claims to retain the property for this debt.

The plaintiff claims that the trustee can not retain this property to satisfy any claims except those for which he has some lien or pledge, and he should be charged for one half the property disclosed, subject to the payment of his lien for the keeping.

The court was of opinion that if the trustee has a lien upon the property for the payment of a debt, so that a receiver must be appointed, and the property sold under the order of the court, the court will not take from him the property or its proceeds upon a trustee process, until all that is equitably due him upon every account is paid.

To this opinion the plaintiff excepted, and the question was reserved for the decision of the court at the law term.

*Pike & Barnard*, for the trustee, cited and commented on *Leland* v. *Sabin*, 27 N. H. 74; *Boardman* v. *Cushing*, 12 N. H. 105; *Rand* v. *White Mountains Railroad*, 40 N. H. 79; *Haven* v. *Wentworth*, 2 N. H. 93; *Swamscott Co.* v. *Partridge*, 25 N. H. 369; *Boston and Maine Railroad* v. *Oliver*, 32 N. H. 172; *Boston Type Co.* v. *Mortimer*, 7

Pick. 166 ; *Hathaway* v. *Russell*, 16 Mass. 473 ; *Smith* v. *Stearns*, 19 Pick. 20 ; *Wilson* v. *Reed*, 3 Johns. 175 ; *Hyde* v. *Stone*, 9 Cow. 230 ; *White* v. *Phelps*, 12 N. H. 382 ; 2 Kent Com. 419, n ; *Carr* v. *Dodge*, 40 N. H. 403 ; *Allen* v. *Mcgguire*, 15 Mass. 490 ; *Brewer* v. *Pitkin*, 11 Pick. 298 ; *Allen* v. *Hall*, 5 Met. 263 ; Litt., sec. 323.

*Murray*, for the plaintiff.

BARTLETT, J.   The case raises no question of the existence of a lien, but solely of the correctness of the ruling, that in case of the existence of a lien and the appointment of a receiver, the trustee would be entitled to receive from the proceeds of the property, if sold by the receiver, not only the amount of the debt for which the lien existed, but also the amount due him from the principal defendant on other accounts.   Prior to the act of December 12, 1832, personal property subject to a lien could not be reached by trustee process.   By that act such property, upon the payment or tender of the amount for which it was so held, might be attached, and the proceeds, after deducting fees, &c., were to be applied to the payment of the amount tendered, and the residue to the payment of the judgment, &c. ; or the person holding such property might be summoned as trustee, and upon such payment or tender the court were to order the trustee to deliver over the property to the attaching officer, to be held by him in the same manner as if it had been attached on mesne process, provided that such trustee should be entitled to receive of the officer his reasonable expenses, occasioned by his being so summoned, &c.   This mode of procedure was attended with risk of loss to the plaintiff, as the property might prove of less value than the amount paid to discharge the lien.   To remedy this the act of June 30, 1841, provided that in case the trustee should have in his possession personal property subject to lien, &c., the court might appoint a receiver to dispose of it, if a greater sum than the amount so due could be obtained for it, and, after paying the amount of such lien, &c., to apply the residue to the payment of the debt and costs recovered by the plaintiff, &c.   Our statutes have adopted a similar policy in foreign attachment, where the trustee holds specific articles not subject to a lien ; Rev. Stat., ch. 207, secs. 11–15 ; and also in case of the direct attachment of chattels subject to lien.   Rev. Stat., ch. 184, secs. 15, 16.   In neither of these cases is there any general right of set off.   *Allen* v. *Mcgguire*, 15 Mass. 490 ; *Brewer* v. *Pitkin*, 11 Pick. 301 ; *Allen* v. *Hall*, 5 Met. 263. See *Bailey* v. *Ross*, 20 N. H. 304 ; *Jarvis* v. *Rogers*, 15 Mass. 414 ; *Fling* v. *Goodall*, 40 N. H. 214 ; *Weeks* v. *Robie*, 42 N. H. 321.   Section 16 of chapter 208 of the Revised Statutes is but a revision of the provision in the act of 1841.   *Briggs* v. *Walker*, 21 N. H. 78.   The provisions of this section are too explicit to allow us to resort for aid in their construction to analogies drawn from other parts of the statute ; and the whole subject is so fully discussed in *Briggs* v. *Walker*, which is recognized in *Hills* v. *Smith*, 28 N. H. 378, that we do not feel called upon to examine it further at the present time. The plaintiff's exception must be sustained.